## No. 6513.

### SUCCESSION OF D. C. BYERLEY.

When opponents pray to be recognized as partners of the deceased, and if not partners, then as employees entitled to compensation, held not inconsistent pleading, since questions of partnership and agency often present such nice distinctions that courts differ in determining what will constitute the one or the other.

If editors and journeymen printers have a privilege for their salaries or wages, it can be preserved only by registry in the mortgage office. However inconvenient practically this rule may be, the mandatory terms of the law forbid the courts making any exception.

APPEAL from the Second District Court of New Orleans. TISSOT, J.

Succession of Byerley.

*Hornor & Benedict* and *Denegre* for Administratrix. *Bright* for Opponent L. J. Bright & Co. *Whittemore* for absent heirs. *Lingan, Collens, Forman, Livingston* for other Opponents.

The administratrix filed a tableau and account which was opposed by sundry creditors. The first part of the opinion of the court disposes of several of these oppositions, maintaining some items, and reducing or rejecting others upon grounds not presenting any question or principle of law, and then proceeds: —

SPENCER, J. The plea of. estoppel urged against the claims of Jewell and Seymour is, we think, without force. They in their oppositions claim that they were partners of Byerley in the *Bulletin*, and that they served on the editorial staff of that paper. They pray to be recognized as partners, and in the alternative that if found not to be partners, then that they be recognized and paid as employes. Questions of partnership and agency present such nice distinctions that the best informed persons may well be at a loss to know what is the precise nature of their connections with each other. This case is one fully illustrative of this fact. The court below, presided over by a judge of learning and ability, thought and adjudged that they were partners. Our predecessors thought differently. Their claim of partnership in this case, induced no injury to the opponents, and was made under conditions and circumstances not calculated to deceive or mislead anybody. Nor are we even prepared to say that their pleadings are liable to the charge of inconsistency. It has been held that it was not inconsistent to claim ownership of personal property, and alternatively, if not owner, a privilege thereon.

8th. The only remaining question is as to the correctness of the judgment of the court below, in awarding to these claims, of J. Livingston, of the printers, of Jewell and of Seymour, the character of privileges.

Art. 3214 (3181) Civil Code, provides, "Although clerks, secretaries, and other agents of that sort, cannot be included under the denomination of servants, yet a privilege is granted them for their salaries for the last year elapsed and so much as has elapsed of the current year. This court, in Stevens *v*. Sawyer, 3 A. 428, held that editors and journeymen printers were not embraced within the scope

of this article. We are not prepared to give unqualified assent to that decision; preferring to express no opinion upon it at this time, — as we think the privilege must be denied for want of registry of the claims. The constitution of 1868, and the legislation thereunder, declares null and void as to third persons all privileges and mortgages unless the evidence thereof is recorded in the mortgage office. There is no proof of such registry in this case. We realize the inconvenience of such a law applied to such a case as this; but the terms of the law are plain and mandatory, and our province is to enforce it.

*Decreed accordingly.*